Well, before we begin this morning, I need to make a motion. So, Judge Lurie, I'll cede, I guess the gavel's down there, but whatever authority there is up here, it's now yours. Please, please make the motion. Okay. My motion, if my law clerk, John Knight, would rise, I would move that John, who is a lawyer in good health, be admitted to Arbor. I would add that, what should I add? I need law clerk assistance here. It's probably better just to say Simon. Would you say that he's a knight in shining armor? Well, I would say that indeed. And I would say he's the kind of law clerk I'm going to miss for years to come. He's become a dear friend as well as a very trusted legal advisor. I move his admission. Judge O'Malley, do we need to deliberate further? I think we can go ahead and agree on this one. We'll grant the motion. Would Mr. Knight please stand up before the circuit executive and take the oath? I do. Congratulations on becoming a part of the United States Court of Appeals. Thank you. Now get back to work. Our first case this morning is Massey v. Shinseki. May it please the court. Mr. Carpenter. Mr. Carpenter, appearing on behalf of Mr. Terrence Massey. Your Honor, the Supreme Court's decision in Sims precludes the requirement imposed by the court below that representative veterans must present all theories and assignment of errors to the VA before appealing to the to the extent that this court's decision in Massey holds otherwise, it has been superseded by the Supreme Court's decision in Sims. Sims does in fact deal directly with a social security case. However, the underpinning of that case is the nature of the social security proceedings being non-adversarial. But before you spend too much time on this issue, is it really before us? I mean, the Supreme Court's decision on that fact, did it? No, Your Honor, but they did make an express holding, I'm sorry, Your Honor, that the, that representative counsel must present and exhaust those arguments. Well, but it's really dicta. I don't know what's wrong with the microphone, but we can hear you, though. Well, I'm concerned I get too much feedback here. It's really dicta, though, because what the court said was, well, we would apply this abundance of caution. We're not going to, and we're going to proceed and analyze a different question. We can't, you know, we review judgments, not opinions. We can't simply reflect on their dicta, can we? Well, Your Honor, to the extent that they relied upon this court's decision in Massey and that this court's decision in Massey has been superseded by Sims, I think it is important for the uniformity of the law that the error made below be corrected. Okay, but tell me where in the Veterans Court opinion they clearly relied upon Massey. They said, this is where we would go, but they did not go that way. They said that it was within their discretion to make the judgment to go or not to go. I believe that the holding in Sims is to the contrary, that it is no longer a matter of discretion for the Court of Appeals for Veterans Claims relative to issues that were not presented below to be considered in the first instance. Well, Sims wasn't even a veterans case, it was a social security case, right? No, it was not, Your Honor, it was a social security case. Was it a majority opinion? Well, it was... Or was it a plurality opinion? It was a plurality opinion, Your Honor, but it's nonetheless precedent, and it is precedent that is based upon... Precedent, well, how could it be precedent even for social security cases if it was just a plurality opinion? It didn't have a majority. In any event, as Judge Romali said, the Court didn't rely on that. It then went to the evidence, which we can't review. So... Well, what it did was it went to an interpretation, it relied upon an interpretation of 38 CFR 3.157B1 as it relates to the nature of the report that was presented. And the report that was presented does meet the criteria under that regulation. And it's not a question of application of law of the fact, it's a question of whether or not when the court below said that the report must describe the results of a specific or a particular examination. That is an interpretation of the meaning of that regulation, and that interpretation is too narrow. Isn't it examining that document and applying the regulation to the document? In some respects, it is, Your Honor, but it is doing so, and as the court below wrote, it was doing it on the basis of its interpretation of what was meant by the description of a And so they interpreted that regulation too narrowly. They shifted the burden from what the type of the report was as opposed to the content of that report. You know, you said VA examination of report, but that's not really what the regulation says. It says report of examination. Yes, it does, Your Honor. That's different than an examination or a report, is it not? Yes, it is, Your Honor. Okay. So what you say that they required specific things in that examination or to constitute an examination, but isn't the mere fact that the one requirement, which seems that it's hard to dispute, is that it at minimum has to reflect a worsening of the condition? Yes, Your Honor. Well, where in that report is there, in that letter, Dr. Manson's letter, is there a description of a worsening of his condition? Well, what the report said was is that the, let's see if I, yes, that the venous insufficiency had persisted in spite of prior surgical treatment with vein stripping and that this problem has left Mr. Massey with significant pain when he is on his feet for any period of time. And that does describe a worsening because it describes first the surgical interventions that were attempted and were not successful and the fact that he persists in having pain when he is on his feet for any extended period of time. That is a worsening of the condition based upon the surgical procedures that this report verified had been attempted and had not been successful. And that those reports, at the very least, should have raised the question and should have required the Board under 7104A to consider it. Yes, Your Honor, I'm sorry. Returning again to your argument that SIMS somehow controls this, which I think Judge Lurie has some good points about its controlling authority, but even if we were to consider extending that social security case into veterans' area, wouldn't we have to get by the veterans' statute, which expressly requires issue exhaustion? I don't think so, Your Honor. The regs at least require it. Yes, the regs do, but I think that the statutory scheme created by Congress of a non-adversarial journalistic system supersedes that regulation. And that to the extent that that regulation is in conflict with that statutory structure, I believe that the statutory scheme has to control it. I hear this argument so often that there's no adversary so we should win. How does that work? There's no adversarial procedure so the veterans always wins. No, Your Honor. Why do we even hear that? It's not a question of the veteran always wins. It's a question, as described by the Supreme Court in Henderson, that Congress has decided that a thumb needs to be put on the scale in favor of the consideration of issues. And one of those circumstances is precisely what's presented in this case. Whether or not evidence that reasonably raises a claim for increase should be considered. So we're going to overrule 13 years of our precedent without an en banc proceeding, override a veteran's regulation, which they're entitled to, by statute, to interpret the statute... Yes, they are. ...with deference, all of this because there's some vague non-adversarial proceeding? Well, I would disagree that it is a vague... But that's the only thing you have going for you, to override whether or not it's authority, 13 years of our precedent, a regulation, to be construed with deference in favor of not doing that. I respectfully disagree, Your Honor. I believe that it's consistent with this Court's case law, particularly in Roberson, Moody, and Zimmeray, which talk about the importance of fully and sympathetically developing the record and to look at evidence in the light most favorable to the veteran. We've had Earnclaw, we've had Roberson, we've had Maggett, or Maget, as you say. I prefer Maget, but... But all of that... And you still, the only argument you can give me in favor of yours is this is a non-adversarial proceeding. Well, Your Honor, I'm sorry, but I don't believe that the notion that it's a non-adversarial proceeding is a... But that overrides the non-binding nature of a plurality opinion in another area of law, requiring us to override 13 years of our precedent without an en banc proceeding and a VA regulation to be construed with deference in their favor. All of that against you and you say, ah, that's okay, do it anyway. Well, Your Honor, I believe that the Supreme Court, it was clear in its plurality decision that the underlying basis for that decision was the nature of the Social Security proceeding and that the nature of that Social Security proceeding is entirely the same as the non-adversarial system here, and I would suggest even more so, and that the Supreme Court has recognized that the statutory scheme created by Congress is to place a thumb on the scales in favor of the veteran, and that that's what we're talking about here, and that that is a perspective... Let me go back to Judge Lurie's question about the precedential impact of SIMS and what it is the Supreme Court was really clear about. When you have a plurality opinion, the Supreme Court has made very clear and marked that you must look to the narrowest possible basis for the holding. In this particular case, we had a concurrence that created Lurie, and that concurrence said that the only reason for her concurrence was because she felt there had not been notice given to claimants of the need to go through issue exhaustion. That's what the Supreme Court holding stands for based on marks, not what Justice Thomas said in the four-person plurality. In this particular case, we do have notice in the form of the veterans' regulations that say you must exhaust issues. I do not believe that that's what the veterans' regulations say. What the veterans' regulations say is that you may be obligated to do that. There is no imposition of an absolute requirement to do so. It is suggestive. It is not mandatory. And to suggest that it is mandatory, I believe misreads the VA's regulation. I see that I'm into my rebuttal time, unless there's further questions or unless I need to elaborate on something I previously said. Thank you, Mr. Carpenter. Mr. Goodman. Good morning, Your Honors. May it please the Court. The Veterans Court explicitly said that despite discussing the doctrine of exhaustion, that the Court would nonetheless consider his argument. So the whole issue of whether Sims overturns Magid or Maget is not really before the Court. The Court said, and this is Jordan Penning's page 9, the Court, out of an abundance of caution, will address Mr. Massey's assertion that in this case his newly raised theory of an earlier effective date was raised by the record before the agency. So that's the question that the Veterans Court addressed squarely and that's properly before this Court today. Does that make the Sims issue sort of loose? Yes, Your Honor. It's just dicta. Dicta can't be appealed. It might even be dictum, singular. Yes. But Mr. Carpenter's argument, I think, in fairness, is that it's not really dicta because what they said is it's up to us to decide whether to consider this. And so we're going to consider it. In other words, he's saying the predicate for them even considering it in the first place was their saying they had the choice. Doesn't that then become part of the judgment? While that's true, no, we don't think it becomes part of the judgment because they did ultimately consider the express issue that he presented. So whether they jumped through a lot of hoops to get there or not is not really material. The question for this Court is the legal question that he then goes on to present and that they address. They could have discussed a lot of different areas of law before reaching there, a lot of other things that aren't necessary to the judgment. To be not a dictum, it has to be necessary to the judgment. And here it's not necessary to the judgment, all that discussion of Sims. It's not a predicate that they address whether or not to apply their discretion because here they did. So they could have just skipped over that step entirely, thereby making it not necessary. Turning to their discretion, it's a little odd that they would interpret the regulation in the first instance rather than say if we're going to have to interpret this regulation, we should let the board interpret it in the first instance or let the VA interpret it in the first instance. They went through a lot of hoops to do what usually the agency has the authority to do on its own. The agency certainly would have considered this argument that was first presented at the Veterans Court if it were presented to the agency. But it was never presented to the agency and said an entirely different argument was made both at the regional office and then at the board. Different considerations were made. And then at the Veterans Court, they present this argument for the first time. And the question is what is the Veterans Court supposed to do with that? And this is why the Veterans Court, I think, went into this whole discussion of whether it should even consider the argument in the first place. And the Veterans Court, of course, in this case decided to address the issue and it's in line with its jurisdictional statute that says it has to consider harmless error. So the Veterans Court considers this argument. The argument is the board needed to consider this issue because it was reasonably raised by the record, as the argument went, and the board failed to consider it. So the question then for the Veterans Court is was it error for the board not to consider that? And it is within the Veterans Court's jurisdiction, even though it has to look at the issue in the first instance itself to decide whether that alleged error was, first of all, an error, and secondly, whether it's harmless. So the Veterans Court, though it's kind of an abnormal situation, the Veterans Court appropriately here in the first instance considered the argument. If Mr. Massey were correct that the Veterans Court had to just remand the issue as soon as it came up, then that's a free remand in every instance when somebody decides to raise a new issue at the Veterans Court. And that, as the Veterans Court explained, that results in potential egyptese, that results in delay in the proceedings and having to go back and forth, the hamster wheel notion that the Veterans System is going back and forth, bouncing back and forth between these different levels, that would be exacerbated by a rule that required the Veterans Court to, in all cases, simply remand. Do we have to agree with all of the detail that the Veterans Court read into this regulation in order to affirm the Veterans Court's decision? No, Your Honor. There's a very simple, straight path to affirmance here. And that is a point, Your Honor, to this page. Affirmance or dismissal? Affirmance, Your Honor. Affirmance on Joint Appendix, page 15, the Veterans Court said, Dr. Wasilius's letter does not suggest that Mr. Massey's condition had in any way worsened. That's a factual finding. That factual finding can't be addressed, of course, by this court and can't be overturned by this court. Mr. Massey, in his brief, says the opposite. And he argued, and counsel argued today, that that letter, in fact, showed worsening. That's a factual question that's beyond this court's jurisdiction. And because that factual issue is beyond this court's jurisdiction, this court can just affirm the legal conclusion, or the conclusion that was reached in this case, not to So, you're saying we could say whatever a report of examination must include, and it doesn't necessarily have to include everything the Veterans Court read into it, it at minimum has to include a description of a worsening of a condition. Yes, Your Honor. And Mr. Massey concedes as much in his brief. Page 9 of his brief, he says, Any report that demonstrates that the veteran's condition has worsened serves the purpose of the regulation. So, we're in agreement on the legal issue that worsening is required. And the Veterans Court found this letter doesn't show worsening. This court need not agree with everything the Veterans Court said, need not even address everything the court said about what else this regulation might require. So, our jurisdiction lies in interpreting the regulation, and all we have to do is agree that this one thing is required, and then it becomes a factual question that we can't dispute. Exactly. That's exactly our position, Your Honor. That's the simplest, most narrow way this court could affirm this decision, and not reach all these other issues that Mr. Massey tries to raise, but are not properly presented this court today. The Veterans Court seemed to feel that there was a tension between Magid and Robinson. Do you perceive that? No, Your Honor. Robinson is about what the board has to do. The board has to read the record before it very sympathetically to the veteran, and try to find all the arguments. And if something's reasonably raised, they need to address it. Right, exactly. So, Magid comes to the court and says they have full discretion whether to address an issue that hasn't been raised, right? Exactly, Your Honor. That's our reading. The Veterans Court appears to think that Robinson says, and that's at page 9 of his opinion, the Veterans Court says, if the board fails to consider and adjudicate an argument or theory reasonably raised by the record, the Federal Circuit's Robinson holds that the board commits error requiring remand. We don't read Robinson as requiring remand in that instance. It is an error by the board if the board didn't consider something that was reasonably raised by the record, but that's entirely separate from whether the Veterans Court has to even consider that argument if that argument wasn't presented at the board. Well, what's the point in Robinson then if the board can err, but we can't do anything about it? Well, the Veterans Court is itself a court, and the Veterans Court has discretion to consider arguments, and generally does consider all arguments presented to it. And it's only in the very rare instance, as this court explained in Magist, that the Veterans Court would say that the competing interests require or suggest that the Veterans Court should not consider an issue. So generally speaking, Robinson allowed the Veterans Court to look at a situation where something was reasonably raised by the record and the board didn't consider it and say, you should have considered it. I'm going to remand it to require the board to consider the issue, or the Veterans Court may consider it in the first instance themselves. But that makes Robinson pretty toothless if the Veterans Court always says we're going to exercise our discretion not to consider the board's failure. But this court made clear in Magist that the Veterans Court can't always say, we refuse to consider it. It's a case-by-case inquiry that the Veterans Court makes, considering the competing interests of judicial efficiency and the interests of the government as well as the interests of the veteran to have the argument heard. And the Veterans Court, I think that's why the Veterans Court in this case explained in such detail how it views its responsibilities. And nonetheless, in this case, considered the argument raised. So it's clear that the Veterans Court is going to consider arguments raised and it's to the Veterans Court, as this court explained in Magist, to determine in every individual case-by-case whether they'll exercise that discretion. And if the Veterans Court uses that discretion and decides not to consider an issue, then, of course, this court could review that. But this is not that case because the Veterans Court, of course, considered the issue raised and addressed it on the merits. And there's nothing to answer squarely your honors question, Judge Rader. There's nothing that's inconsistent between Robinson and Magist. Robinson, it says, is about what the board has to do, and Magist is about what the Veterans Court has discretion to do. If the court has no further questions, we respectfully request the court affirm or submit the Veterans Court decision. All right. Thank you. Mr. Carpenter. Your Honor, I believe that the government has just demonstrated the importance of reaching the issue in this case because there is a genuine tension between Magist and this court's holding in Robinson. If we adopt the government's view, then the court below, under Magist, can exercise its discretion not to reach an issue, and that decision is not reviewable by this court. And so that renders the holding in Robinson absolutely meaningless because then there is no inquiry as to whether or not the issue was or was not reasonably raised by the evidence. And then they come before this court and say that there's no jurisdiction because that's an application of law to fact. And that is a dilemma that needs to be resolved here. And whether or not this court needs to overturn a decade or more of jurisprudence in Magist or not is an issue that I believe is... Well, maybe Magist is the binding precedent, and Robinson, the later one, is the one that strayed from the path that's correct. Well, Your Honor, that's certainly possible, and an en banc decision by this court would certainly have to grapple with how those two decisions do or do not conflict. Or perhaps they don't conflict at all. Or perhaps they do not conflict at all. But the problem for the veteran, and the problem with the circumstance that the veteran finds himself in, is that this court says one thing in Robinson, and the effect of the Magist decision is to allow discretion to the veterans court to evade the holding in Robinson by simply declaring that they're not going to consider that issue. And that is a problem for veterans when veterans are able to rely upon the precedent of this court in Robinson to be able to say that the evidence below reasonably raised an issue. And if they're not able to do that, then this court's decision in Robinson is rendered meaningless. Unless there's further questions, I submit the matter to the court. Thank you very much for your attention. Thank you.